**In re Larry Michael BARNES and Janice K. Barnes, Debtors.**

**Bankruptcy No. 92–13870–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

Oct. 26, 1992.

Frank Polk, Naifeh & Woska, Oklahoma City, Okl., for Knutson Mortg. Corp.

Kenneth McCoy, Oklahoma City, Okl., for debtors.

### ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

RICHARD L. BOHANON, Chief Judge.

In *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) the Court decided that bifurcation of claims secured by liens on residences is not permitted in Chapter 7 cases. The affect of this decision, if any, on chapter 13 cases has created some confusion in this district. *Dewsnup* does not deal with the issue in a chapter 13 case and the Court of Appeals has not confronted the question since the decision was handed down. Bankruptcy and district judges within the district have held that bifurcation is both permitted and prohibited in the post *Dewsnup* period.

In the case at hand debtors own a residence secured only by a lien in favor of Knutson Mortgage Corporation as required by section 1322(b)(2).[1] The parties have stipulated to the value of the residence and debtors' plan proposes to treat the claim as

---

1. While debtors contended that standard language in the mortgage document provided other collateral for Knutson I have concluded in a separate order that the only security is the principal residence. *See In re Ross*, 107 B.R. 759 (Bankr.W.D.Okla.1989) and *Wilson v. Commonwealth Mortgage Corp.*, 895 F.2d 123 (3d Cir. 1990)

secured up to that value, which will be paid according to the note and the balance or "deficiency" will be paid the same as any other unsecured claim. The amount currently due on debtors' note is approximately twice the stipulated value of the residence. The plan indicates that no payments will be made to the holders of unsecured claims. Accordingly, under the plan proposed Knutson will receive approximately one-half of the balance owing on its note, paid to it over the remaining term of the contract. Knutson opposes confirmation of this plan.[2]

The theory behind this claim bifurcation procedure is that the prohibition against modification of claims secured only by a security interest in debtors' principal residence contained in Code section 1322(b)(2) is not violated because the amount of the secured claim is only the value of the residence as fixed by section 506(a) and the lien is void as to the balance under section 506(d). The theory then follows that the mortgagee's rights are not modified for it is secured only up to the value of the residence. Put in another way, the hypothesis is that the mortgagee receives what it would if it foreclosed on its lien and sold the residence, and that is all it is entitled to have.

Since the Court decided *Dewsnup* there have been at least three decisions in this district in chapter 13 cases which hold differently on the bifurcation issue. In *Liberty Mortgage Company v. Frey*, CIV–92–249–T, 1992 WL 354899 (W.D.Okla.1992) Chief Judge Thompson has held that bifurcation is permitted. In *In re Wicks*, CIV–91–1983–A, 1992 WL 373162 (W.D.Okla. 1992) Judge Alley concludes that bifurcation is not permitted for the Supreme Court did not confine *Dewsnup* to chapter 7 cases. And in *In re Ward*, BK–91–01868–LN (Bankr.W.D.Okla.1992) Judge Lindsey holds that bifurcation is permitted post *Dewsnup* but this case was heard by Judge Alley on appeal and, predictably, was re-

versed. *In re Ward*, CIV–92–811–A (W.D.Okla.1992). There may be other conflicting decisions from this and the district court but, if so, they have not been cited by the parties.

It can be assumed that this same conundrum exists in many other multi-judge districts and the issue begs to be settled.

While the Court of Appeals for this circuit has previously allowed bifurcation in chapter 13 cases it has not revisited the issue post *Dewsnup*. *See In re Hart*, 923 F.2d 1410 (10th Cir.1991).

It is now my view that the proper conclusion is expressed by the Court of Appeals for the Fifth Circuit in *Nobleman v. American Savings Bank*, 968 F.2d 483 (5th Cir. 1992). In that case the pertinent facts were the same as here—the secured claim of the mortgagee was to be "crammed down" to the value of the residence and the unsecured deficiency was to receive nothing. This treatment of the secured claim was disallowed on the grounds that "the specific language of section 1322(b)(2) prevails over the general language of section 506(a)." *Id.* at 489. In reaching this conclusion the court relied upon language in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) and other Supreme Court authority indicating with a clear voice that the inferior courts are to apply the plain language of federal statutes without obfuscating it with unnecessary judicial or legislative gloss. Section 1322(b)(2) unequivocally prohibits any modification of the rights of mortgagees whose only collateral is a lien on the principal residence of the debtors. For whatever reason Congress chose to provide this treatment to mortgagees.

As *Nobleman* properly points out the statute forbids any modification of "the *rights* of holders of secured claims" (emphasis supplied) who have a lien secured only by the principal residence. This is strikingly different than merely fixing the

---

**2.** The debtors do not seek the requested relief by a complaint to determine the extent of respondent's lien as required by Rule 7001 of the Federal Rules of Bankruptcy Procedure. Without objection the court has heard the issue as a contested matter in the context of an objection to confirmation of the proposed plan pursuant to Rule 9014. Any procedural error resulting from this departure is deemed harmless.

allowed amount of the secured claim as the value of the collateral.

In *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 594–595, 55 S.Ct. 854, 865, 79 L.Ed. 1593 (1935) the Court enumerates the constitutionally protected rights of secured lenders to be:

1. The right to retain the lien until the indebtedness thereby secured is paid.

2. The right to realize upon the security by a judicial public sale.

3. The right to determine when such sale shall be held, subject only to the discretion of the court.

4. The right to protect its interest in the property by bidding at such sale, whenever held, and thus to assure having the mortgaged property devoted primarily to the satisfaction of the debt, either through receipt of the proceeds of a fair competitive sale or by taking the property itself.

5. The right to control meanwhile the property during the period of default, subject only to the discretion of the court, and to have the rents and profits collected by a receiver for the satisfaction of the debt.

Here the plan would pay absolutely nothing for one-half Knutson's note and would void its other enumerated rights. If this is not a modification of its rights it is, indeed, difficult to imagine one. Regardless of the allowed amount of its secured claim as determined under section 506(a) its "rights" are modified by the proposed plan contrary to the inescapable language of section 1322(b)(2). Modification of the mortgagee's rights and determination of the allowed amount of its secured claim are notably different treatments. Congress has chosen to protect these rights held by mortgagees whose only security is the debtors' principal residence and the specific language of section 1322(b)(2) must override the general statement of 506(d).

Accordingly I conclude that the proposed plan does not comply with the provisions of chapter 13, as required by section 1325(a)(1), and order that confirmation is denied.

It is so ordered.